**Richmond**

ELIZABETH LEE GUTHRIE WESTERBERG

v.

NORMAN ROBERT WESTERBERG

Nos. 1476-87-2, 0119-88-2

Decided November 21, 1989

COUNSEL

Brian K. Stevens (Robert E. Henley, III; Martin, Meyer, Rothenberg, Goergen & Henley, on brief), for appellant.

Ronald S. Evans (Murray J. Janus; Bremner, Baber & Janus, on brief), for appellee.

OPINION

**BARROW, J.**—This domestic relations appeal challenges the sufficiency of notice given of the entry of a final decree of divorce. We agree that the notice was insufficient and reverse the trial court's decree.

On July 15, 1987, the husband's attorney mailed a notice stating that on August 20, 1987, at 2:00 p.m. he would request the trial court enter a final decree of divorce. The notice also said that he would "further move the court to award me an equitable distribution of the marital property and such further and general relief as the equity of my cause may require . . . ." The notice, however, did not attach a copy of the proposed decree.

On October 27, 1987, the trial court entered a final decree of divorce which also provided that the wife would pay to the husband "a lump sum award in an amount to be determined at an evidentiary hearing to determine the value of said property." The clerk was directed to send a certified copy of the order to counsel of record, but no endorsements of counsel appear on the order. On December 28, 1987, the trial court entered a further order reflectingthat on November 30, 1987, a hearing was conducted "concerning the value of the real property known as 1507 Floyd Avenue in the City of Richmond" and ordering that a "lump sum spousal support be awarded to the defendant . . . in the amount of $38,250.00."

The record does not reveal what took place before the trial court on August 20, 1987, the date when counsel for the husband noticed opposing counsel that he would move for entry of the final decree. No transcripts of the August 20 proceedings were made a part of the record[1]

---

[1] A transcript of proceedings heard on November 30, 1987 was filed with the trial court after the deadline within which it was required to be filed, and another panel of this court has previously held that the November 30 transcript is not a part of the record in this appeal and that it is indispensable to a determination of the other issues raised by the appellant.

■ A draft of an order or decree must be endorsed by counsel of record unless notice of its presentation is given to all counsel of record or unless the endorsement is modified or dispensed with by the court. Rule 1:13. The final decree of divorce in this case was not endorsed by counsel of record, and nothing in the record indicates that this requirement was modified or dispensed with by the court. Therefore, the decree was valid only if reasonable notice was given in accordance with the requirements of Rule 1:13.

■ The notice of the presentation of this decree provided the date, time and place that the decree would be presented, but it did not notify opposing counsel that a lump sum spousal support award would be sought and did not include a copy of the proposed decree. The requirement of notice includes "the time and place of presenting such drafts *together with copies thereof.*" Rule 1:13 (emphasis added). Since the notice in this case did not include a copy of the proposed decree it did not comply with the requirements of Rule 1:13.

■ A decree that fails to comply with Rule 1:13 is void. *Cofer v. Cofer*, 205 Va. 834, 837, 140 S.E.2d 663, 665-66 (1965); *Division of Social Services v. Unknown Father*, 2 Va. App. 420, 428, 345 S.E.2d 533, 537 (1986). Therefore, the trial court erred in entering the decree without complying with Rule 1:13.

For these reasons, the decree of divorce and the decree fixing the amount of the lump sum spousal support are reversed and the matter is remanded for further proceedings.

*Reversed and remanded.*

Coleman, J., and Keenan, J., concurred.