COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

KATHRYN D. VENIE
                                            MEMORANDUM OPINION[*]
v.    Record No. 0342-98-4                      PER CURIAM
                                            SEPTEMBER 1, 1998
DAVID A. VENIE

            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                        Richard B. Potter, Judge

            (Robert B. Machen, on briefs), for appellant.

            (Raymond J. Morley; Pfitzner & Morley, on
            brief), for appellee.


        Kathryn D. Venie (wife) appeals the decision of the circuit

court finding her in contempt, incorporating an agreement signed

by wife and David A. Venie (husband), and deciding other issues.

Wife contends that the trial court (1) erred when it entered the

final decree in violation of Rule 1:13; (2) erred when it entered

orders modifying the final decree more than twenty-one days after

its entry; (3) erred when it refused to permit wife's new counsel

to depose husband's counsel; (4) erred when it ordered husband to

sell the marital home and found wife in contempt for failing to

cooperate; (5) abused its discretion when it held wife in

contempt for nonpayment of one-half of the mortgage; (6) abused

its discretion by incorporating the property settlement

agreement; (7) abused its discretion by refusing to award wife

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

spousal support; and (8) erred by prohibiting wife from petitioning the Defense Finance and Accounting Service (DFAS) for her share of the military retired pay.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

The record consists of the court's file, including the written statement of facts signed by the trial judge, and several transcripts and exhibits.  No transcripts were filed for the hearings held on December 30, 1996, December 16, 1997, or January 9, 1998.  We do not consider as part of the record on appeal the parties' summaries of hearing testimony not preserved in any form for review.  See Rules 5A:7 and 5A:8.

### Settlement Agreement

Because it is a pivotal issue in wife's appeal, we address first her contention that the trial court erred by incorporating into the final decree a property settlement agreement dated March 27, 1996, and signed by the parties.  Wife contended that husband's counsel fraudulently substituted twenty-one different provisions after the parties reached agreement but before the written agreement was initialed, signed, and presented to the trial court.  Wife raised this allegation more than six months after the agreement was signed.

On appeal, we view the evidence and reasonable inferences in the light most favorable to husband as the party prevailing

- 2 -

below.  See Martin v. Pittsylvania County Dep't of Social Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).  "Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Id.  "The one contesting the contract must prove the allegations by clear and convincing evidence."  Derby v. Derby, 8 Va. App. 19, 26, 378 S.E.2d 74, 77 (1989).

As set out in its pendente lite decree entered January 13, 1997, as well as in the written statement of facts, the trial court found that wife failed to prove her allegations of fraud in connection with the signing of the settlement agreement.  No transcript of the December 30, 1996 hearing on this issue appears in the record.  However, in the January 13, 1997 pendente lite decree, the trial court rejected wife's allegations of fraud, found that "[t]here is no evidence of any fraud in the procurement and/or inducement" of the agreement, and found the signed agreement to be valid.  The trial court ordered the parties to comply with its terms.  The record contains the transcript of a January 31, 1997 hearing on wife's various motions for reconsideration.  The trial court clearly rejected wife's allegations of fraud.

As noted by the trial court in its factual findings, wife reviewed the agreement prior to its signing.  The parties initialed each page, initialed several hand-written

modifications, and signed the agreement.  Wife's counsel was present prior to and at the time of signing.  Wife received a copy of the agreement immediately after its execution, and subsequently used the executed agreement in her attempts to enforce its provisions.

The trial court's factual findings are supported by credible evidence.  Therefore, we affirm the trial court's conclusion that wife failed to prove by clear and convincing evidence that the agreement was tainted by fraud.

Having found wife's allegations of fraud unsupported by the evidence, the trial court did not err in incorporating the signed agreement into its decree.  <u>See</u> Code § 20-109.1.

<u>Rule 1:13</u>

"A draft of an order or decree must be endorsed by counsel of record unless notice of its presentation is given to all counsel of record or unless the endorsement is modified or dispensed with by the court."  <u>Westerberg v. Westerberg</u>, 9 Va. App. 248, 250, 386 S.E.2d 115, 116 (1989).  <u>See</u> Rule 1:13.  "A decree that fails to comply with Rule 1:13 is void."  <u>Id.</u>

> However, the mere fact that an order may have been entered without endorsement of counsel of record does not automatically render it void.  The last sentence of Rule 1:13 authorizes the trial court in its discretion to modify or dispense with the requirement of endorsement of counsel.  Thus, we have held that endorsement of counsel is unnecessary under circumstances where "counsel are present in court when the ruling is made orally and are fully aware of the court's decision; preparation and entry of an order in standard form is all that remains to be

done to end the case in the trial court."

Davis v. Mullins, 251 Va. 141, 147-48, 466 S.E.2d 90, 93 (1996) (citation omitted).

The final decree of divorce was entered on January 9, 1998. The trial judge and husband's counsel endorsed the decree. The notation "no appearance on 1/9" appears on the endorsement line for wife's counsel. The record contains no notice concerning the presentation of the order on January 9, 1998. There are no transcripts from the hearings held on December 16, 1997 or January 9, 1998.

Despite these omissions in the record, it is clear from the record as a whole that wife had notice of the court's rulings because she was present in court with counsel during the December 16, 1997 hearing when the court issued its decision. Wife's ex parte letter to the trial judge, dated December 18, 1997, referred to specific rulings made at the hearing. These same rulings were contained in the final decree. Therefore, because Rule 1:13 "is designed to protect parties without notice," Davis, 251 Va. at 147, 466 S.E.2d at 93, we cannot say that the trial court abused its discretion by waiving endorsement by wife's counsel and entering the final decree.

## Modification of Decree

Wife contends the trial court erred when it modified the final decree more than twenty-one days after entry. Rule 1:1 provides that "[a]ll final judgments, orders, and decrees,

irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."

However, Code § 20-107.3(K) provides, in pertinent part, that
> [t]he court shall have the continuing authority and jurisdiction to make any additional orders necessary to effectuate and enforce any order entered pursuant to this section, including the authority to:
> 1. Order a date certain for transfer or division of any jointly owned property under subsection C or payment of any monetary award under subsection D;
> 2. Punish as contempt of court any willful failure of a party to comply with the provisions of any order made by the court under this section . . . .

By motion filed on March 13, 1998, husband sought a Rule to Show Cause to enforce the final decree as to wife's payment of attorney's fees and her production of photographs. Upon evidence that wife filed for bankruptcy, the trial court stayed the issue of attorney's fees. The trial court found wife in contempt for her failure to produce the photographs for copying as ordered in the final decree. The court then modified the procedure by which wife was to produce the photographs.

We do not find that the court's order violated Rule 1:1. The court retained jurisdiction to enforce its final decree. Its "modification" did not make any substantive changes in the final decree. Cf. Caudle v. Caudle, 18 Va. App. 795, 447 S.E.2d 247 (1994). The court merely authorized a different schedule under which wife could produce photographs to comply with the final

decree.  Ensuring compliance with its previously-entered order was within the court's authority.

## Deposing Husband's Counsel

We find no error in the trial court's decision denying wife's motion to order husband's counsel to withdraw and submit to a deposition.  Testifying as a witness effectively removes an attorney from assisting his client.  See generally Browning v. Commonwealth, 19 Va. App. 295, 298-99, 452 S.E.2d 360, 361-62 (1994).  "The circumstances are rare indeed where any lawyer may properly testify in a case in which he is participating as an advocate.  Decisions of this kind must be left to the sound discretion of the trial court."  Bennett v. Commonwealth, 236 Va. 448, 464, 374 S.E.2d 303, 313 (1988).

Wife presented evidence supporting her allegations that husband's counsel switched pages in the agreement at the last minute.  Husband produced evidence that no switch occurred. While not deposed, husband's counsel repeatedly denied wife's allegations that he had switched portions of the parties' settlement agreement.  The trial court found that wife's allegations were not supported by the evidence.  The trial court did not abuse its discretion when it denied wife's motion to depose husband's attorney.

## Sale of Marital Home and Findings of Contempt

We consider jointly wife's contentions that the trial court erred when it ordered husband to sell the marital home, found

wife in contempt for interfering with husband's attempts to sell the home, and found wife in contempt for failing to pay one-half the mortgage.  We find no error.

"A trial court 'has the authority to hold [an] offending party in contempt for acting in bad faith or for willful disobedience of its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406 S.E.2d 666, 669 (1991) (citation omitted).  "It is within the discretion of the trial court to include, as an element of damages assessed against the defendant found guilty of civil contempt, the attorneys' fees incurred in the investigation and prosecution of the contempt proceedings."  Arvin, Inc. v. Sony Corp. of America, 215 Va. 704, 706, 213 S.E.2d 753, 755 (1975) (citation omitted).

Under the terms of the parties' agreement, wife was obligated to pay one-half the mortgage payment if the home was not sold by August 1, 1996.  The January 13, 1997 pendente lite decree which incorporated the agreement also included the following provision:

> ADJUDGED, ORDERED and DECREED that . . .
> [husband] obtain a real estate agent to list
> the marital property . . . on or before
> January 30, 1997.  [Wife] . . . is ordered to
> make the property available and assist in the
> marketing and sale of same.  Any contract and
> sale of the aforesaid property is subject to
> the approval of the Court; . . . .

Following a hearing on January 31, 1997, during which husband testified to his attempts to pay his half of the mortgage, the trial court found (1) that wife was in contempt for failing to

pay one-half the mortgage payments as ordered in the pendente lite decree; and (2) "[t]hat [wife] . . . has interfered with the [husband's] . . . attempts to list and sell the marital home by not signing the listing agreement, by not cooperating, and by going out and obtaining a Trespass Notice against [husband] . . . ."  The trial court ordered wife to pay $5,920.70 as her portion of the mortgage payments, plus late fees and the mortgage company's attorney's fees, and to pay $500 in attorney's fees.

Husband's evidence established that wife failed to comply with the court's orders.  Therefore, the trial court's decision is supported by the evidence.  We find no abuse of discretion in the trial court's decision to hold wife in contempt.

### Spousal Support

Under the parties' settlement agreement, wife agreed to receive monthly payments from husband's pension in lieu of spousal support, while reserving her right to seek spousal support under certain conditions.  At the time of the final decree, wife's payment was $866.  Under Code § 20-109, the trial court had no authority to award spousal support contrary to the terms of the parties' agreement.  Accordingly, we find no error in the trial court's decision to award wife no spousal support, but to reserve her right to support in the future in accordance with the terms of the parties' agreement.

### Prohibition on Contacting DFAS

Wife contends that the trial court erred when it ordered

wife not to file with DFAS for direct pension allotment until May 1999. Wife's citations to the record where this issue was purportedly preserved do not refer to this issue. Nothing in the record indicates that this issue was raised before the trial court.

The Court of Appeals will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.