COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Duff
Argued at Alexandria, Virginia


GERALD PAUL NAPERT
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1173-99-4          JUDGE CHARLES H. DUFF
                                       FEBRUARY 8, 2000
THERESA MARIE NAPERT


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Dennis J. Smith, Judge

           William F. Wall for appellant.

           James Ray Cottrell (Christopher W.
           Schinstock; Kyle F. Bartol; Gannon,
           Cottrell & Ward, P.C., on brief), for
           appellee.


     Gerald Paul Napert (husband) appeals the decision of the

circuit court granting a Bill of Review filed by Theresa Marie

Napert (wife) and declaring void a divorce decree entered

without the endorsement of wife or of counsel on her behalf.  We

find no error in the trial court's decision.  Accordingly, we

affirm the decision.

     On appeal,

           [u]nder familiar principles, we view the
           evidence and all reasonable inferences in
           the light most favorable to the prevailing
           party below . . . .  "The burden is on the
           party who alleges reversible error to show

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> by the record that reversal is the remedy to which he is entitled."  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

According to the record before us, husband's counsel sent a one-page copy of a form entitled "Friday Motions Day - Praecipe/Notice" to wife, notifying her that he would file a motion to "establish permanent child support and entry of final decree of divorce" on November 13, 1998.  The notice did not include the back side of the form that set out instructions on how to respond to the notice.  No copies of the proposed decree or motion were provided to wife.  The court held a hearing on November 16, 1998.  Husband did not make a motion concerning support.  The trial court entered a final decree of divorce on November 16, 1998, "upon the [husband's] motion for entry of a final decree of divorce and notice to the defendant thereof."  The decree was not endorsed by wife or counsel on her behalf, and the trial court did not waive compliance with Rule 1:13 of the Rules of the Supreme Court of Virginia.

Rule 1:13 provides, in total:

> Rule 1:13. Endorsements.
>
> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof

-

> shall be served by delivering, dispatching by commercial delivery service, transmitting by facsimile or mailing to all counsel of record who have not endorsed them. Compliance with this rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

Husband's counsel failed to provide wife with a copy of the motion and decree to be presented.  The trial court did not waive the endorsement of the order by wife or her counsel.  Therefore, the decree violated Rule 1:13.  Orders entered in violation of Rule 1:13 are void.  See, e.g., Westerberg v. Westerberg, 9 Va. App. 248, 250, 386 S.E.2d 115, 116 (1989).  See also Francis v. Francis, 30 Va. App. 584, 518 S.E.2d 842 (1999).  Therefore, the decree of divorce entered by the trial court was void.

Husband contends that the trial court erred in granting wife's bill of review to collaterally attack a final decree.  Wife initially timely filed a bill of review in the original cause, then, pursuant to the directions of the trial court, refiled the bill in a new, separate cause.

> A bill of review is a bill filed to reverse or modify a decree that has been signed and enrolled for error in law apparent upon the face of such decree or on account of new facts discovered since publication was passed in the original cause, and which could not by the exercise of due diligence have been discovered or used before the decree was made.

1 Charles E. Friend, Virginia Pleading and Practice § 20-8, at 586-87 (1998) (footnote omitted).  See Blunt v. Lentz, 241 Va.

-

547, 550, 404 S.E.2d 62, 64 (1991).  "'A bill of review does not lie to review or correct errors of judgment in the determination of facts.'"  Id. (citation omitted).  Although "use of a bill of review is discouraged" because of modern appellate practice remedies, "[n]onetheless, it remains an available procedural device" pursuant to Code § 8.01-623.  Id.

The error which wife sought to correct by her bill of review was one of law, not judgment.  The trial court entered a decree in violation of Rule 1:13.  As the final decree of divorce contains neither the endorsement of wife or her counsel nor a waiver of the need for her endorsement, the decree was facially erroneous and void.

Accordingly, the decision of the circuit court granting wife's bill of review and declaring void the decree entered November 16, 1998 is affirmed.

Affirmed.

-