COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Annunziata and Retired Judge Hairston*
Argued at Salem, Virginia


DARRELL LEE WHITING
                                              OPINION BY
v.    Record No. 1037-99-3        JUDGE ROSEMARIE ANNUNZIATA
                                           APRIL 11, 2000
CYNTHIA JAN FISHER WHITING


              FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
                     Duncan M. Byrd, Jr., Judge

          Edward K. Stein for appellant.

          Laura L. Dascher (Pasco & Dascher, P.C., on
          brief), for appellee.


     Darrell Lee Whiting ("husband") appeals from an order of

the Circuit Court of Alleghany County vacating a final decree of

divorce entered on January 18, 1985, and ruling that husband

owes Cynthia Jan Fisher Whiting ("wife") $18,100 pursuant to a

pendente lite order of spousal support and child support entered

on January 6, 1984.  Husband contends on appeal that the 1985

decree was void because he received no notice of the hearing

prior to the entry of the decree and that, because the decree is

void, both the prior pendente lite order and the subsequent

_____

        * Retired Judge Samuel M. Hairston took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400, recodifying Code § 17-116.01.

court orders requiring him to pay spousal support are of no effect. We affirm the trial court's decision.

## BACKGROUND

On October 21, 1983, wife filed a Bill of Complaint in the Circuit Court of Alleghany County seeking a divorce from husband. On January 6, 1984, the circuit court entered a pendente lite order requiring husband to pay child support to wife. On June 15, 1984, the court further ordered husband to pay wife $25 per week in spousal support. On November 21, 1984, the court entered an order permitting husband's attorney to withdraw from the case. On January 18, 1985, the circuit court entered a final decree of divorce, ordering that all previous orders issued in the case were to remain in effect and that wife would have the right to petition the court for permanent alimony and attorneys' fees. The decree failed to indicate whether husband or substituted counsel for husband was present, and nothing in the record established that husband received notice of the entry of the decree. Husband alleges that he received no such notice.

Husband failed to pay the support required by the pendente lite order. He was found in contempt of the order on September 26, 1984, and on April 5, 1985, was ordered to appear before the court to account for his failure to pay the arrearage. The record does not reveal whether he made the required appearance.

On June 21, 1985, however, the Department of Social Services ("DSS") moved the court to reinstate the case and transfer it to the juvenile and domestic relations district court for enforcement of the decree's support order. The circuit court granted DSS's motion and specifically ordered that husband continue to pay the support required under the pendente lite order. Neither husband nor wife was given notice of this order. Upon transferring the case to the juvenile and domestic relations district court, the circuit court struck the case from its docket. No further action was taken in the case. On June 24, 1992, the circuit court dismissed the case from its docket pursuant to the "five-year rule" of Code § 8.01-335(B).[1]

On November 20, 1997, wife filed a motion to reinstate the cause before the circuit court and to transfer it to the juvenile and domestic relations district court, having given notice to husband on November 10, 1997. The circuit court granted the motion and entered its decree on November 20, 1997. The juvenile and domestic relations district court thereupon determined that the pendente lite order of child and spousal support had remained in effect since June 15, 1984 and that husband owed spousal support arrears in the amount of $17,700

---

[1] At the time the circuit court cleared its docket of dormant cases pursuant to Code § 8.01-335(B), the five-year rule was still in effect, although the statute was amended in 1992 to shorten the period of pendency to three years.

and child support arrears in the amount of $400.  Upon appeal to the circuit court, husband argued that he was under no obligation to pay support, because the final decree of divorce was void, it having been entered without notice to him.  In the alternative, he argued that he was not obligated to pay spousal support because an award of temporary support does not survive once a case is dismissed from the docket.  The circuit court disagreed and entered judgment in favor of wife.

On appeal, husband contends 1) that because he received no notice of the entry of the final decree in January, 1985, the decree was void, and its subsequent dismissal from the circuit court docket terminated the pendente lite order entered in 1984; 2) that if the final divorce decree were deemed valid, its language did not preserve the support obligation created by the pendente lite order; and 3) that if the divorce decree were deemed valid and it preserved the support required by the pendente lite order, that obligation was subsequently terminated by the circuit court's order dismissing the case from the docket.  For the reasons that follow, we affirm the trial court's decision.

ANALYSIS

The question of whether the final decree was void due to husband's lack of notice is governed by Rule 1:13[2] of the Rules of the Supreme Court of Virginia and by Westerberg v. Westerberg, 9 Va. App. 248, 386 S.E.2d 115 (1989). "[A] decree that fails to comply with Rule 1:13 is void." Francis v. Francis, 30 Va. App. 584, 592, 518 S.E.2d 842, 846 (1999) (citing Westerberg, 9 Va. App. at 250, 386 S.E.2d at 116). Rule 1:13 states that the notice to be sent to the opposite party in a case must include "'the time and place of presenting such drafts together with copies thereof.'" Westerberg, 9 Va. App. at 250, 386 S.E.2d at 116. We held in Westerberg that "[a] draft of an order or decree must be endorsed by counsel of record unless . . . the endorsement is modified or dispensed with by the court." Id. As in Westerberg, in this case the final decree was not endorsed by counsel of record, and the record does not indicate that the trial court modified or

_____

[2] The Rule states:

> Drafts of orders and decrees shall be
> endorsed by counsel of record, or reasonable
> notice of the time and place of presenting
> such drafts together with copies thereof
> shall be served by delivering, dispatching
> by commercial delivery service, transmitting
> by facsimile or mailing to all counsel of
> record who have not endorsed them.
> Compliance with this rule and with Rule 1:12
> may be modified or dispensed with by the
> court in its discretion.

- 5 -

dispensed with the requirement.  The decree was, therefore, void, because husband received no notice of the final decree and never endorsed it.  A void decree is a nullity with no legal effect.  See Williams v. Dean, 175 Va. 435, 439, 9 S.E.2d 327, 329 (1940); Bray v. Landergren, 161 Va. 699, 172 S.E. 252 (1934).  Consequently, the only effective support order under which wife may claim support is the pendente lite order of 1984.

We find under our holdings in Taylor v. Taylor, 5 Va. App. 436, 364 S.E.2d 244 (1988), and Smith v. Smith, 4 Va. App. 148, 354 S.E.2d 816 (1987), that the pendente lite order remained in effect from 1985 until 1992, when the suit was stricken from the circuit court's docket under the five-year rule.  In Taylor, we held that Code § 20-103, which authorizes courts to award support pendente lite, allows courts to order a spouse to make support payments to the other spouse for "any time pending the suit," a period of time which we said terminated upon "the final adjudication of all of the issues properly raised in the pleadings, which would usually result in dismissal of the case from the pending docket."  5 Va. App. at 441, 364 S.E.2d at 247. Because the final decree of divorce in this case was a nullity, there was no final adjudication and the case remained pending at

that time.[3]  Consequently, according to our decision in Taylor,
husband's support obligation under the pendente lite award
continued unaffected by the decree.

Citing Smith, husband further contends that wife's right to
support terminated upon the dismissal of the divorce case from
the trial court docket in 1992.  Smith addressed a suit for
divorce dismissed by the trial court under the "five-year rule"
of Code § 8.01-335(B).  We held that a trial court's authority
to order spousal support in pendente lite orders under Code
§ 20-103 is limited to the period during which the action is
actually pending, regardless of language in such an order
stating that it would remain in effect "until further order of
the court."  See 4 Va. App. at 151, 354 S.E.2d at 818.  Although
under this principle of law, the wife's right to support would
terminate upon the dismissal of the divorce suit, see id.
(citing Wain v. Barnay, 219 Ill. App. 401, 405-06 (1920));
Heilbron v. Heilbron, 27 A. 967, 968 (Pa. 1893), we find that
husband is estopped under established principles of equity from
attacking the decree and the support obligation established by
it.

---

[3] We note that transfer of the suit to the juvenile and
domestic relations district court after the entry of the final
decree did not divest the circuit court of its jurisdiction in
the case.  See Code § 20-79(c).

We have addressed the applicability of estoppel principles in an instance when a marriage was challenged as defective. See Kleinfield v. Veruki, 7 Va. App. 183, 189, 372 S.E.2d 407, 411 (1988) (acknowledging the validity of the principle in determining whether the challenged marriage was void, but finding that the facts failed to support its application in that case). The matter before us thus presents an issue of first impression in Virginia.

In assessing the applicability of estoppel principles when a decree of divorce is collaterally attacked as void, we are guided by the case law developed in our sister states. In the context of divorce, it is widely accepted that one who accepts the benefits of a divorce decree is estopped from attacking the decree's validity. See 1 Homer H. Clark, The Law of Domestic Relations in the United States § 13.3 (2d ed. 1987). The circumstances under which courts have foreclosed attack on a void decree are varied, but typically involve the conduct of the parties, with the following three factors of particular significance: "1) The attack on the divorce is inconsistent with prior conduct of the attacking party. 2) The party upholding the divorce has relied upon it, or has formed expectations based upon it. 3) These relations or expectations will be upset if the divorce is held invalid." Id. at 743-44.

- 8 -

In the present case, husband remarried after the divorce. "Remarriage after [a] defective decree, either by the person attacking it, or by the other party, will usually raise an estoppel. . . ." Id. at 736-37. Additionally, wife relied to her detriment upon the void decree from 1985 until 1997. Husband stood mute as she, with notice to him, attempted to enforce the support provisions of the decree in the circuit court and the juvenile and domestic relations district court. An earlier challenge to the decree would have permitted timely proceedings to effect the entry of a valid decree. In short, husband's conduct after the entry of the invalid divorce decree is inconsistent with the attack he now mounts. He will not now be heard to challenge the validity of that decree and frustrate wife's expectation of and right to receive the child and spousal support award established by it.

The decision of the trial court is affirmed.

Affirmed.