COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


LINDA M. NELSON

MEMORANDUM OPINION[*]
v. Record No. 0242-00-4 PER CURIAM
JULY 11, 2000
ANDREW M. GECELOSKY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

(Linda M. Nelson, pro se, on briefs).

(Mary M. Benzinger; Raymond B. Benzinger;
Benzinger & Benzinger, P.C., on brief), for
appellee.


Linda M. Nelson appeals the final decree of divorce entered by the circuit court on January 6, 2000. On appeal, Nelson contends that (1) the decree was entered in violation of Rules 1:13 and 1:12 of the Rules of the Supreme Court of Virginia; (2) her rights to due process were violated because she was denied meaningful notice and a hearing; and (3) counsel for Andrew M. Gecelosky procured the decree by fraud upon the court. Both parties seek an award of appellate attorney's fees. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to Gecelosky as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).  "The trial court's decision, when based upon credibility determinations made during an ore tenus hearing, is owed great weight and will not be disturbed unless plainly wrong or without evidence to support it."  Douglas v. Hammett, 28 Va. App. 517, 525, 507 S.E.2d 98, 102 (1998).

## Procedural Background

Gecelosky filed his bill of complaint for divorce and obtained service by publication on Nelson, who is a resident of North Carolina.  It is uncontested that Nelson received notice.  Nelson's father, a Maryland attorney who is not a member of the Virginia State Bar, signed her responsive pleading.

Rule 1A:4 provides, in pertinent part:

> An attorney from another jurisdiction may be permitted to appear in and conduct a particular case in association with a member of the Virginia State Bar, if like courtesy or privilege is extended to members of the Virginia State Bar in such other jurisdiction.
>
> \*       \*       \*       \*       \*       \*       \*
>
> Except where a party conducts his own case, a pleading, or other paper required to be served (whether relating to discovery or otherwise) shall be invalid unless it is signed by a member of the Virginia State Bar.

(Emphasis added.)

-

Nelson did not sign her own pleadings, did not retain a member of the Virginia State Bar as counsel, and did not have her pleadings signed by a member of the Virginia State Bar. Therefore, Nelson's responsive pleading was invalid. See Rule 1A:4. Under Rule 2:7, Nelson's failure to file a valid, timely response to the bill of complaint rendered her in default.

## Rules 1:12 and 1:13

Nelson contends that the decree from which she appeals was entered in violation of Rule 1:13 because it was not endorsed by her counsel of record and she did not receive a copy of the proposed decree with the notice of the hearing. Nelson also contends that the record does not show that Gecelosky's counsel complied with Rule 1:12 when noticing the ore tenus hearing. Those contentions lack merit.

Under Rule 1:13, "decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served . . . to all counsel of record who have not endorsed them." Although Nelson contends she was not served with a copy of the proposed decree, evidence in the record contradicts that contention. Gecelosky's Request for Ore Tenus Hearing indicates that the proposed decree was attached and provided to Nelson's father as her purported counsel of record. Cf. Westerberg v. Westerberg, 9 Va. App. 248, 386 S.E.2d 115 (1989). In addition, Gecelosky's counsel indicated that he complied with the Fairfax Circuit Court

-

Ore Tenus Hearing Instructions, which also expressly included the requirement that the proposed decree be provided to the opposing party along with notice of the date and time of the hearing. Therefore, based upon the evidence in the record, we find no violation of Rule 1:13.

Nelson concedes she did not raise her objection under Rule 1:12 before the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18. The record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

### Due Process

Nelson contends that she was deprived of her right to due process because she received inadequate notice and opportunity to be heard. The record demonstrates, however, that Gecelosky served both Nelson and her purported counsel of record with notice of the hearing. They were aware of the hearing, appeared before the trial court on the scheduled day, and failed to raise these claims before the trial court. Nelson did not file a motion for reconsideration or seek to stay entry of the trial court's decree. When her purported counsel of record was barred from proceeding because he failed to comply with the Rules of the Supreme Court of Virginia, Nelson did not obtain local counsel or represent herself. Her father, an attorney licensed

-

to practice in another jurisdiction, did not seek to associate a member of the Virginia State Bar, as required by Rule 1A:4. It is mere cavil to dispute the trial court's authority to require that Nelson and her desired counsel comply with this rule.

> The failure to have local counsel's signature on . . . the briefs implicates the fundamental supervisory power of this Court over the practice of law in this forum. "The right to practice law in Virginia is governed by statute as supplemented by the Rules of the Supreme Court of Virginia."

Rahbaran v. Rahbaran, 26 Va. App. 195, 203, 494 S.E.2d 135, 139 (1997) (quoting Brown v. Supreme Court, 359 F. Supp. 549, 553 (E.D. Va.), aff'd, 414 U.S. 1034 (1973)). We therefore will not consider this issue for the first time on appeal. See Rule 5A:18.

### Extrinsic Fraud

Nelson contends that Gecelosky perpetrated extrinsic fraud upon the court by representing that there were no outstanding contested issues. She alleges that the parties had not resolved all issues surrounding the distribution of Gecelosky's military retirement pay. This contention is also meritless.

"'[E]xtrinsic fraud' consists of 'conduct which prevents a fair submission of the controversy to the court' and, therefore, renders the results of the proceeding null and void." Peet v. Peet, 16 Va. App. 323, 327, 429 S.E.2d 487, 490 (1993). "One who advances a cause of action for actual fraud bears the burden of proving by clear and convincing evidence:  (1) a false

-

representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).

The record demonstrates that Gecelosky's bill of complaint contained a request that the Agreement in Contemplation of Divorce, executed by the parties on May 2, 1997, be "affirmed, ratified and incorporated, but not merged" into the trial court's final decree of divorce. Even assuming arguendo that Nelson's allegations of fraudulent intent were established by record proof, which we do not find in this record, the final decree provided for the distribution of Gecelosky's military retired pay "in accordance with the Agreement in Contemplation of Divorce, executed by the parties on May 2, 1997." Nelson does not contend that the agreement itself was tainted by fraud. Therefore, we find no indication that there was any damage to Nelson resulting from the alleged extrinsic fraud or that the trial court was misled or committed error in dividing the military retirement pay.

## Appellate Attorney's Fees

Both Nelson and Gecelosky seek an award of attorney's fees incurred in this appeal. Nelson has incurred no attorney's fees because she is proceeding pro se. Her request therefore is denied.

-

Simple steps taken before the trial court in compliance with the Rules of the Supreme Court of Virginia could have avoided this appeal, which raised no meritorious issues. We find that an award of appellate attorney's fees to Gecelosky is warranted in this case. We therefore remand this matter to the trial court solely for entry of an order awarding Gecelosky a reasonable amount of attorney's fees incurred on this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed and remanded.