<u>**VIRGINIA:**</u>

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Friday, the 8th day of June, 2001.

Darrell Lee Whiting,                                             Appellant,

against     Record No. 001133
            Court of Appeals No. 1037-99-3

Cynthia Jan Fisher Whiting,                                       Appellee.

Upon an appeal from a judgment rendered by the Court of Appeals of Virginia on the 11th day of April, 2000.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is error in the judgment appealed from.

The proceedings and facts are undisputed and are fully set forth in the Court of Appeals' opinion. <u>Whiting v. Whiting</u>, 32 Va. App. 192, 526 S.E.2d 806 (2000). There, the Court of Appeals held, <u>inter</u> <u>alia</u>, that the final decree of divorce entered by the Circuit Court of Alleghany County on January 18, 1985, was void <u>ab</u> <u>initio</u> "because husband received no notice of the final decree and never endorsed it." <u>Id</u>. at 197, 526 S.E.2d at 808; <u>see</u> Rule 1:13 (endorsement of draft decree by, or reasonable notice of presentation thereof to, counsel of record required unless dispensed with by court). The Court of Appeals further ruled that a <u>pendente</u> <u>lite</u> decree entered by the circuit

court on June 15, 1984, directing the husband to pay spousal support, remained in effect until the cause was ultimately dismissed from the docket by a valid court decree.  _Id_.

After the Court of Appeals' decision, this Court held that a decree or order entered in violation of Rule 1:13 is merely voidable, not void _ab_ _initio_.  _Napert v. Napert_, 261 Va. 45, 540 S.E.2d 882 (2001); _Singh v. Mooney_, 261 Va. 48, 541 S.E.2d 549 (2001).  A voidable decree or order is not subject to collateral attack and must be challenged within 21 days of its entry pursuant to Rule 1:1, by a bill of review within the time prescribed by Code § 8.01-623, or by an independent action pursuant to Code § 8.01-428.  _Singh_, 261 Va. at 51-52, 541 S.E.2d at 551.

In the present case, no such challenge was made; therefore, this Court holds that the final decree of divorce entered January 18, 1985, remained in full force and effect.  This Court further holds that the _pendente_ _lite_ decree awarding spousal support only applied during the pendency of litigation and was terminated when the cause was dismissed by the final decree of divorce.  _See_ Code § 20-103; _accord_ _Smith v. Smith_, 4 Va. App. 148, 151, 354 S.E.2d 816, 818 (1987).  Thus, the husband was obligated to pay spousal support only for the period between June 15, 1984, and January 18, 1985.

Accordingly, the judgment of the Court of Appeals is reversed; the trial court's decree, entered April 8, 1999, is vacated; and the trial court's decree, entered April 16, 1999, is vacated to the extent that it is inconsistent with this Court's holding herein.  The case is remanded to the Court of Appeals with direction that the case be remanded to the said circuit court for a determination of the amount of spousal support, if any, that is owing to the appellee.

This order shall be certified to the Court of Appeals and to the Circuit Court of Alleghany County and shall be published in the Virginia Reports.

A Copy,

Teste:


David B. Beach,
Clerk