# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Nancy Hoy Ross

 v.

Richard Daniel Ross, Jr.

June 30, 2003

Case No. CH01-327

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the cross-motions of Richard Daniel Ross, Jr. (hereafter referred to as the "Husband") and Nancy Hoy Ross (hereafter referred to as the "Wife") for the entry of a Final Decree of Divorce. Counsel for the Wife argues that the divorce should be granted on grounds of desertion and that the Husband should be held responsible for the payment of one half of the necessary repairs to the martial abode that have been incurred by the wife to date. Counsel for the Husband argues that the divorce should be granted on the grounds of a one year separation and that he should not be held responsible for any repairs made on or after April 1, 2003, the date of a subsequent agreement between the parties as to long term financial obligations.

The Court must therefore decide the basis for the divorce and whether or not the April 2003 agreement between the parties supercedes the second pendente lite order of this court.

In January 2002, a pendente lite order was entered by this court obligating the Husband to pay one half of the necessary repairs on the marital abode. The Husband is of the opinion that a subsequent agreement between these parties in April 2003 supersedes this provision of the pendente lite order.

Counsel for the Wife takes the position that his client should be granted a divorce on the basis of the Husband's desertion and that his client is owed one half the cost of the necessary repairs on the marital abode.

## Home Repairs

The Husband should be responsible for paying the Wife $2,750. This amount is one half of the approximate $5,500 repairs made to the home, including roof and basement repairs. It was agreed in the pendente lite agreement of January 28, 2002, that the Husband would pay one half of all necessary repairs and the repairs are both necessary and reasonable.

The following bills are included in this award:

| | |
|---|---|
| Furniture, carpet removal | $160 |
| Floor scraping | $650 |
| Carpet | $540 |
| Plumber | $1555 |
| Shingle Roof | $2000 |
| Slate Roof | $600 |
| Total | $5505 |

Although a subsequent property agreement was made, it does not nullify the prior court-ordered pendente lite agreement. An order of pendente lite support ordinarily terminates upon the final adjudication of all of the issues raised in the pleadings, generally when the case is dismissed from the docket. *See Whiting v. Whiting*, 32 Va. App. 192, 526 S.E.2d 806 (2000).

## Basis for Divorce

This divorce should be granted on the basis of a one-year separation. In the property settlement agreement, both Husband and Wife agreed to pay their own attorney's fees. There was little evidence to support a fault-based divorce based on the Husband's desertion. Although there was testimony that the Husband moved out of the marital residence, he did not abandon his marital financial duties.

When the pleadings allege, and the evidence proves, dual or multiple grounds for divorce, the trial court does not err by granting a divorce on either ground that has been pleaded and proven. *See Megill v. Megill*, No. 1906-96-2, 1997 Va. App. LEXIS 273 (Va. App. Apr. 29, 1997) (holding that although the evidence may have supported granting the wife a divorce on the ground of physical cruelty, the trial court did not err by granting a divorce on the ground of having lived separate and apart for more than one year). Courts have specifically recognized the propriety of an award of divorce based upon dual grounds. *See Robertson v. Robertson*, 215 Va. 425, 211 S.E.2d 41 (1975).

Where dual grounds for divorce exist, the trial judge can use his sound discretion to select the appropriate grounds upon which he will grant the divorce. *See Zinkhan v. Zinkhan*, 2 Va. App. 200, 342 S.E.2d 658 (1986). Here, although the Judge could use either a one-year separation or desertion as the basis for divorce, it is within the Judge's discretion which basis to use.

There is insufficient evidence in the record to support desertion. Desertion requires (1) a breach of matrimonial duty with the breaking off of matrimonial cohabitation and (2) the intent to desert in the mind of the offender. *See Brawand v. Brawand*, 1 Va. App. 305, 338 S.E.2d 651 (1986). *See also Petachenko v. Petachenko*, 232 Va. 296, 350 S.E.2d 600 (1986). Both must combine to make the desertion complete. *See id.* While the Husband did move out of the marital residence, there was no evidence that the Husband intended to desert his marital obligations.

The Court will therefore enter the decree uttering a divorce on the basis of a one-year continuous and uninterrupted separation. That decree shall also order the husband to pay to the wife one half the cost of the repairs on the former marital abode.