## Richmond

GEORGE P. JACKSON V. RACHEL JACKSON.

April 26, 1971.

Record No. 7399.

Present, All the Justices.

*Thomas L. Woodward, Sr. (Thomas L. Woodward, Jr.,* on brief), for appellant.

*Richard B. Bartlett,* for appellee.

Per Curiam.

The trial court awarded the complainant, Rachel Jackson, a divorce from the bonds of matrimony and custody of the two minor children of the parties. The decree also awarded Mrs. Jackson, as alimony and child support, the use of a residence jointly owned by the parties and $425.00 per month. We granted an appeal to the defendant, George P. Jackson, limited to his assignment of error challenging the jurisdiction of the court to award the use of the jointly owned property to Mrs. Jackson.

Prior to entry of the decree the house in question was owned by the parties as tenants by the entirety. Under Code § 20-111 such estate was converted into a tenancy in common by entry of the decree.

Jurisdiction in divorce suits is purely statutory. *Bray* v. *Landergren,* 161 Va. 699, 704, 172 S.E. 252, 253 (1934). Code § 20-107 was amended in 1962 to limit jurisdiction in such suits to those property rights created by the marriage in the real estate of the parties. *Guy* v. *Guy,* 210 Va. 536, 541, 172 S.E.2d 735, 736-7 (1970).

Since the property rights of the defendant affected by the decree were not created by the marriage, it follows that the court was without jurisdiction to enter a decree awarding the use of the jointly owned property of the parties to complainant as a part of the award of alimony and child support.

Accordingly, we reverse and remand for entry of a proper decree for alimony and child support.

*Reversed and remanded.*