**Norfolk**

JOHN WARREN TAYLOR, SR.

v.

FAYE KING TAYLOR

No. 0892-86

Decided January 19, 1988

COUNSEL

E. D. David (Robyn C. Hylton; Jones, Blechman, Woltz & Kelly, on brief), for appellant.

Robert E. Brown (Roslyn G. Brown; Howell, Daughterty, Brown & Lawrence, on brief), for appellee.

OPINION

COLE, J. — The appellant, John Warren Taylor, Sr., and the appellee, Faye King Taylor, were married on October 9, 1965, in Elizabeth City, North Carolina. There were two children born of

this marriage: John Warren Taylor, Jr., born June 6, 1966, and Krist Laurie Taylor, born May 12, 1971.

In 1971 they started a business, Taylored Business Forms, Inc., in their home. Faye managed the business office, keeping the books, typing orders, collecting accounts receivable and generally performing routine office work. She never received a salary or bonus for her work. Her husband, John, took care of sales and worked in the mechanical production end of the business. After working two years in their home, they moved the business to a small building on Mercury Boulevard. Faye continued her work with the company until 1978. The company progressed and in 1978 when she left the employment, it had seven employees.

Except for the time taken off to give birth to the two children, Faye worked outside the home from the beginning of the marriage in 1965 until 1978. In addition to her work, she took care of the home, the children and the family. In the twenty years of their marriage, the Taylors achieved a high standard of living made possible by their efforts and the growth of their business. All family cars were owned by the corporation, and it provided all insurance, repairs, maintenance and gasoline for them. John had an open-ended account with the company to draw money for whatever purpose he desired. On February 7, 1984, John deserted the marriage. On July 27, 1984, Faye filed a bill of complaint asking for a divorce on the grounds of adultery.

On March 12, 1985, this cause was referred to a commissioner in chancery, who was directed to take testimony and report his findings and recommendations to the court. He reported that the parties had agreed among themselves concerning some marital property rights, but further represented that agreement had not been reached upon the following marital property:

1. Proceeds from certificates of deposit: #67811 in the amount of $24,556.44 and #121530 in the sum of $9,799.27 with Central Fidelity Bank;

2. Cash value of life insurance of $4,093.00 owned by wife;

3. Marital residence located at 10 Kenilworth Drive, Hampton, Virginia, valued $155,000 - $160,000;

4. Equipment that defendant owns but leases to the corporation - owes more than worth by testimony and no market appraisal submitted, book value given as actual value;

5. Taylored Business Forms, Inc. and Taylor Printing, Inc. The stock of both corporations held entirely in the name of defendant.

The commissioner made his recommendations and both the husband and the wife filed exceptions to the report. On April 8, 1986, the trial court heard arguments on the exceptions and on July 1, 1986, entered a final divorce decree adjudging all the issues in the case.

On this appeal, the husband presents the following four issues for determination: (1) whether the court erred in ordering him to pay the monthly mortgage payment on the marital residence until it was sold; (2) whether he should be ordered to reimburse the wife for one-half of the proceeds of the certificates of deposit in his name when these proceeds were used to maintain the parties and their children during the period of separation; (3) whether the trial court had authority pursuant to Code § 20-107.3 to order him as an officer of Taylored Business Forms, Inc. to transfer title to a 1983 Chrysler New Yorker to the wife; and (4) whether the trial court erred in granting a lump sum monetary award of $48,000 to the wife when the evidence showed that the only marital asset had no value.

The trial court decreed that the marital home, which was jointly owned, be immediately placed on the market for sale and that the equity in the property be equally divided. Neither party objected to this provision of the decree; apparently the parties agreed to sell the residence. However, the appellant complains that the court erred in requiring him to make the monthly mortgage payments until such time as the home was sold. We therefore address only this narrow issue.

Code § 20-103 provides that the trial court may make the following orders pending the divorce suit:

> The court . . . may, at any time pending the suit, in the discretion of such court or judge, make any order that may be proper to compel a spouse to pay any sums necessary for the maintenance and support of the petitioning spouse and to enable such spouse to carry on the suit, or to prevent either spouse from imposing any restraint on the personal liberty of the other spouse, or to provide for the custody and maintenance of the minor children of the parties or for the exclusive use and possession of the family residence during the pendency of the suit, or to preserve the estate of either spouse, so that it be forthcoming to meet any decree which may be made in the suit, or to compel either spouse to give security to abide such decree.

We find no Supreme Court decision dealing with the precise issue in this case. However, in *Jackson v. Jackson*, 211 Va. 718, 180 S.E.2d 500 (1971), the final divorce decree awarded the wife, as spousal support and child support, the use of a residence jointly owned by the parties and a monthly payment in money. The Supreme Court held that "[s]ince the property rights of the defendant affected by the decree were not created by the marriage, it follows that the court was without jurisdiction to enter a decree awarding the use of the jointly owned property of the parties to complainant as a part of the award of alimony and child support." *Id.* at 719, 180 S.E.2d at 500.

We have held that the trial court has no authority pursuant to Code § 20-107.3 to transfer title to jointly owned property. *Venable v. Venable*, 2 Va. App. 178, 185, 342 S.E.2d 646, 650-51 (1986). The authority granted the trial court under Code § 20-107.3(C) is to partition real estate in accordance with the statutory procedure set forth in Code § 8.01-81 *et seq. Morris v. Morris*, 3 Va. App. 303, 309-10, 349 S.E.2d 661, 665 (1986).

These decisions are not determinative of the issue involved in this case since the chancellor did not transfer title to the jointly owned residential home. He only provided a method to ensure mortgage payments during the pendency of the suit. Code § 20-103 gives the trial court authority to provide for the support of the

wife and children during the pendency of the suit, to prevent either spouse from imposing any restraint upon the personal liberty of the other, to provide for the use and possession of the family residence during the pendency of the suit, and to preserve the estate of either spouse. We believe that this statute, by implication, gives the trial judge authority to make provisions for the mortgage payments during the pendency of the suit and indeed during the period of time that is required to adjudicate the rights of the parties under the equitable distribution statute.

In *Taylor v. Taylor*, 203 Va. 1, 121 S.E.2d 753 (1961), the appellant complained that the trial court's award for alimony and child support was excessive. The Supreme Court made a modification in the award and held that "on the record before us we conclude that he should pay to the complainant $450 per month. . . and that defendant shall continue to make the mortgage payments on the house in the sum of $100 per month. . . ." *Id.* at 5, 121 S.E.2d at 756. Some of our sister states have addressed the issue and have upheld awarding use of the home to the wife, and requiring the husband to keep up the premises and pay taxes and insurance pending the divorce proceeding. *See Hewlett v. Hewlett*, 220 Ga. 656, 140 S.E.2d 898 (1965); *Kane v. Kane*, 391 P.2d 361 (Cal. 1965); *Sandusky v. Sandusky*, 271 S.E.2d 434 (W.Va. 1981).

We hold that the trial court had authority pursuant to Code § 20-103 to require the husband to make the mortgage payments "at any time pending the suit," and we interpret this as a temporary provision to commence with the filing of the suit and to terminate upon the final adjudication of all of the issues properly raised in the pleadings, which would usually result in dismissal of the case from the pending docket. Since this cause is remanded for further proceedings, the authority of the trial court over the mortgage payments will continue. In the event that the sale of the residential home is not concluded when the final decree is entered, the trial court is directed to conform its order concerning mortgage payments to the views expressed in this opinion.

■ In requiring one of the parties to make the mortgage payments to jointly owned real estate, it would be beneficial if the chancellor would indicate in the order whether the payments should be considered as spousal or child support, or whether it is a provision for the use and possession or preservation of the estate.

This designation could be helpful in subsequent proceedings involving partition and sale of the real estate in determining whether a credit should be given to the party making the payment.

Taylor claims that the trial court erred in ordering him to reimburse the wife for one-half of the proceeds of the certificates of deposit in his name when the funds were used to maintain the parties and the children during the period of separation. The trial court in its final decree held that the two certificates of deposit were in fact titled in the names of both parties and constituted marital property. The husband does not contest these factual findings, but contends that the court erred in requiring him to reimburse his wife for one-half of the proceeds when the husband had cashed the certificates of deposit and expended the funds to pay support payments ordered by the court during the separation of the parties and to finance their son's college education.

A court has no authority to order transfer of title in jointly owned property, or property titled in a single name, absent an agreement between the parties. *Venable*, 2 Va. App. at 185, 342 S.E.2d at 650; *McGinnis v. McGinnis*, 1 Va. App. 272, 276, 338 S.E.2d 159, 162 (1985). A court is authorized to partition marital property which is titled in the names of both parties. *Venable*, 2 Va. App. at 185, 342 S.E.2d at 650.

Since the trial court found that the certificates of deposit were in both names and marital property, the certificates were in existence on the classification date. During the course of the suit the husband withdrew the funds from the bank in accordance with the account terms and therefore the court could not partition the certificates of deposit since they were not available. We hold that the trial court erred in ordering the husband to reimburse the wife in an amount equal to one-half of the nonexistent accounts. On remand, however, the court should consider the two certificates of deposit as marital property when making a monetary award under Code § 20-107.3(D).

Appellant argues that the trial court had no authority pursuant to Code § 20-107.3 to order him as an officer of Taylored Business Forms, Inc. to transfer title to a 1983 Chrysler New Yorker to the wife. We agree. *See Venable*, 2 Va. App. at 185, 342 S.E.2d at 650; *McGinnis*, 1 Va. App. at 276, 338 S.E.2d at 162.

On remand, this provision of the decree should be vacated.

Lastly, the appellant contends that the trial court erred in granting a lump sum monetary award of $48,000 to the wife when the evidence showed that the only marital asset not otherwise provided for had no value. He contends that the evidence disclosed that Taylored Business Forms, Inc. had no value; that the equipment owned by him and leased to the corporation had no value since liens upon it exceeded the market value; and that the certificates of deposit and the residential home had been separately considered, leaving nothing of value upon which an equitable award under Code § 20-107.3 could be made.

The commissioner in chancery found that the business equipment owned by the appellant and leased to the corporation had no equity since the liens exceeded the market value. He also concluded that the family business had no value. The wife filed an exception to the commissioner's finding that the business had no value, but did not except to the finding concerning the business equipment. The trial court placed no value upon the business.

This court, in *Hodges v. Hodges*, 2 Va. App. 508, 347 S.E.2d 134 (1986), stated:

> This statute [Code § 20-107.3] mandates that the court determine the ownership and value of all real and personal property of the parties. This determination must go beyond mere guesswork. We are not unmindful of the frequent burden, difficulty, and expense involved in this process, but the responsibility of the trial court is not removed or lessened by these. The burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply with Code § 20-107.3 must have the evidence before it before determining to grant or deny a monetary award. The statute details that which must be determined in order to reach an equitable result based on the notion of a marriage partnership, and awards based on anything less, regardless of how nobly and fairly created, cannot withstand appellate review.

*Id.* at 516-17, 347 S.E.2d at 139 (citation omitted).

Although the valuation evidence was conflicting, we think that there was sufficient evidence before the trial court for it to have valued the business. The testimony of the expert witnesses ranged from no value at all to $250,000, and the wife, who filed exceptions to the commissioner's report on the valuation, was entitled to a ruling upon this issue.

Upon a review of the record, and without regard to the family business, there is nonetheless sufficient credible evidence to support the monetary award in the amount of $48,000. The trial court may grant a monetary award based upon the equities and the rights and interests of each party in the marital property; in this case the marital property included, in addition to the value of the business, the residential house valued at $155,000 - $160,000, with an equity of approximately $75,000, the two certificates of deposit having a value of $34,355.71, the cash value of the life insurance policy in the amount of $4,093, and the personal property located at the home.

The trial court in fixing a monetary award is required to consider all of the factors set forth in Code § 20-107.3(E). The court need not quantify or elaborate exactly what weight was given to each of the factors. The court's findings must, however, be based upon credible evidence. *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).

For the reasons set forth in this opinion with respect to the valuation of the business, we vacate the monetary award to the wife; on remand the trial court may make adjustments in the award that may be required in accordance with this opinion.

The case will be remanded for further proceedings in accordance herewith.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Hodges, J., concurred.

Barrow, J., dissenting in part and concurring in part.

I concur with the majority except to the extent that it approves the provision in the final decree requiring the husband to pay the

mortgage payment on the marital home. This provision was beyond the trial court's authority.

The trial court's authority consisted only of that expressly provided in Code §§ 20-107.1, 20-107.2 and 20-107.3 which is limited to spousal support, child support, custody, and visitation and the making of a monetary award. Code § 20-103, applicable only to provisions for the parties while litigation is pending, cannot serve as authority for a continuing obligation imposed in a final decree.

The mortgage payment should have been considered in determining spousal support. The "obligations" and "needs" of the parties must be considered in determining spousal support. Code § 20-107.1. Thus, the mortgage payment should have been considered when evaluating the housing needs and the indebtedness of the parties.

By requiring the mortgage payment to be made as a term of a final decree, a double payment may result. If the mortgage payment is paid off or assumed upon the sale of the property, the wife may be denied support for her housing if it was not also considered in making an award for spousal support. On the other hand, if her housing needs were also considered in making the award for spousal support, the husband is being required to pay twice for the wife's housing so long as the mortgage is outstanding.

Upon remand, since the final decree is being reversed, the trial court will have authority to order the payment of the mortgage *pendente lite*, but even then the wisdom of that approach is debatable. However, to the extent that the majority approves of such a provision in a final decree of divorce, I dissent.