COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Clements and Senior Judge Annunziata


WILLIAM W. HARRISON, JR.

                                                          MEMORANDUM OPINION[*]
v.        Record No. 1916-06-1                                PER CURIAM
                                                          JANUARY 30, 2007
PAULA ALLEGRETTO



                FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                            Bruce H. Kushner, Judge

                (Morris H. Fine; Fine, Fine, Legum & McCracken, LLP, on brief),
                for appellant.

                No brief for appellee.


        William W. Harrison, Jr. appeals the final decree of divorce entered by the trial court.  On

appeal, Harrison contends the trial court erred by failing to apportion marital debt paid by him after

the parties separated when making the equitable distribution award.  Upon reviewing the record and

briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily

affirm the decision of the trial court.  See Rule 5A:27.

                                            Background

        The parties were married in 1992 and separated in December 2002.  At the commissioner's

hearing, Harrison testified he had paid $21,439.16 in marital debt since the parties had separated.

Harrison introduced into evidence copies of checks made payable to creditors and cover letters to

the creditors.  Harrison provided no documentation or testimony showing the source or nature of the

debt.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The commissioner found: "The parties had substantial debt and would roll over credit card balances from one card company to other card companies which obscures any ability to determine source of debts." The commissioner found the evidence was insufficient to prove Harrison's claim for marital debt reimbursement.

Harrison filed exceptions to the commissioner's finding. In the final order and decree of divorce, the trial court overruled Harrison's exceptions and did not apportion any of this debt in its equitable distribution award. Harrison appealed the trial court's decision to this Court.

Analysis

"Fashioning an equitable distribution award lies within the sound discretion of the trial [court] and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). Where a trial court refers matters in an equitable distribution proceeding to a commissioner in chancery to receive and consider the evidence, and to make a report to the trial court with his recommendations based on his findings, we give "great weight" to the factual findings of the commissioner approved by the trial court. Cooper v. Cooper, 249 Va. 511, 518, 457 S.E.2d 88, 92 (1995). We will not reverse such findings on appeal unless they are plainly wrong, without credible evidence in the record to support them. Barker v. Barker, 27 Va. App. 519, 531, 500 S.E.2d 240, 246 (1998); Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988).

In determining its equitable distribution award, the trial court must consider the "debts and liabilities of each spouse [and] the basis for such debts and liabilities." Code § 20-107.3(E)(7). Once it has determined the debts and liabilities of the parties, it has "authority to apportion and order the payment of the debts of the parties, or either of them, that are incurred prior to the dissolution of the marriage, based upon the factors listed in subsection E." Code § 20-107.3(C).

- 2 -

Harrison presented no documentation addressing the basis for the debts he paid or substantiating his claim that the debts were marital.  See Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (noting that litigants have the burden to present evidence sufficient for the court to discharge its duty to equitably distribute property under Code § 20-107.3).  Harrison introduced only copies of cover letters written by him to various creditors and copies of cancelled checks made payable to the creditors.  He provided no account statements from the creditors or receipts for purchases.  In addition, he did not testify at the commissioner's hearing concerning the purposes for the charges.  Rather, he conclusively testified that he paid a total of $21,439.16 in marital debt after the parties separated.  Furthermore, evidence was introduced that both parties had numerous credit card accounts and they transferred balances from old accounts to new accounts.  Therefore, the commissioner was unable to determine the source and the nature of the debts and whether they were indeed marital debts.  "The purpose and nature of the debt, and for and by whom any funds were used, should be considered in deciding whether and how to credit or allot debt." Gamer v. Gamer, 16 Va. App. 335, 341, 429 S.E.2d 618, 623 (1993).

Therefore, we summarily affirm the decision of the trial court.

Affirmed.