COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


SAM WRIGHT, JR.

v.      Record No. 1435-07-4

KIM L. HAMILTON-WRIGHT

MEMORANDUM OPINION[*]
PER CURIAM
APRIL 22, 2008


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Thomas D. Horne, Judge

(Sam Wright, Jr., *pro se*, on briefs).  Appellant submitting on briefs.

(Daniel J. Travostino, on brief, for appellee).  Appellee submitting on brief.


Sam Wright, Jr., husband, appeals a decree of the trial court granting Kim L.

Hamilton-Wright, wife, a divorce *a vinculo matrimonii*.  On appeal, husband raises numerous

arguments concerning the trial court's equitable distribution, spousal support, and attorney's fees

awards.  Husband also argues the written statement of facts was not properly made part of the

record on appeal.  Finding no error, we affirm the decision of the trial court.

Background

We view the evidence in the light most favorable to the prevailing party in the trial court and

grant to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax County Dep't

of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

The parties married in 1997 and were divorced by order entered on May 4, 2007.  They

had no children.  Husband owned the marital residence prior to the marriage, and marital funds

were used to pay the mortgage on the property during the marriage.  At the time of the divorce,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

husband had retired from a job paying more than $100,000 per year, and he was receiving a

federal retirement pension of about $80,000 per year. Wife had worked intermittently during the

marriage and was employed at the time of the divorce, earning less than $20,000 per year.

The trial court classified the former martial residence as part separate and part marital

property. It determined husband's separate portion was 62.5% of the total equity of the property

and the marital portion was 37.5% of the total equity of the real property. Husband retained

ownership of the house, which was valued at $550,000. Finding that all the marital property

subject to equitable distribution was titled in the name of husband, was in possession of husband,

or was disposed of by husband, the court ordered that wife would receive a monetary award of

$32,000. The court also awarded wife $1,300 in monthly spousal support for a four-year

duration. Husband appeals the trial court's decision.

Issue A

Husband filed a written statement of facts, a notice of filing statement of facts, and a

notice of presentation of statement of facts. Wife filed an objection to husband's statement of

facts, but she did so after the fifteen-day time limit established by Rule 5A:8(d).[1] On August 20,

---

[1] Rule 5A:8(d) provides:

> Objections. Any party may object to a transcript or written
> statement on the ground that it is erroneous or incomplete. Notice
> of such objection specifying the errors alleged or deficiencies
> asserted shall be filed with the clerk of the trial court within 15
> days after the date the notice of filing the transcript (subsection (b)
> of this Rule) or within 15 days after the date the notice of filing the
> written statement (subsection (c) of this Rule) is filed in the office
> of the clerk of the trial court or, if the transcript or written
> statement is filed before the notice of appeal is filed, within 10
> days after the notice of appeal has been filed with the clerk of the
> trial court. The clerk shall give prompt notice of the filing of such
> objections to the trial judge. Within ten days after the notice of
> objection is filed with the clerk of the trial court, the judge shall:

2007, the trial court entered an order invoking its authority to correct husband's statement of facts at any time the record remained in the trial court pursuant to Rule 5A:8(d). Rule 5A:8 makes clear that the time lines established in the rule govern the litigants, not the trial court. Thus, the trial court properly exercised this authority pursuant to Rule 5A:8.

The August 20, 2007 order also set a hearing date and informed the litigants that the trial court intended to consider corrections to the written statement at that hearing. Husband contends that he should have been provided with a copy of the proposed corrections before the hearing in order to properly prepare for the hearing. Husband first received the corrections at the hearing. However, Rule 5A:8(d) does not state that a party must be provided with a draft of a corrected statement of facts prior to the hearing ordered by a trial court. Furthermore, in wife's objections, filed more than one month prior to the hearing date, she stated her allegations concerning the omissions in husband's statement of facts, thereby providing him with notice as to matters that would be addressed at the hearing. Moreover, Rule 5A:8(d)(2) authorizes the trial judge to "make any corrections that he deems necessary" in the proposed written statement of facts. In addition, "[t]he judge's signature on a transcript or written statement, without more, shall constitute his certification that the procedural requirements of this Rule 5A:8 have been

---

   (1) overrule the objection;  or

   (2) make any corrections that he deems necessary;  or

   (3) include any accurate additions to make the record complete;  or

   (4) certify the manner in which the record is incomplete; and

   (5) sign the transcript or written statement.

   At any time while the record remains in the office of the clerk of the trial court, the trial judge may, after notice to counsel and hearing, correct the transcript or written statement.

satisfied." Rule 5A:8(d). Therefore, we hold that husband's challenges to the written statements of fact lack merit.

### Issues B, C and G

Husband contends the trial court erred by classifying the marital residence as hybrid property and by awarding wife a portion of the equity in the residence. He also argues the equalization award of $32,000 to wife was not supported by the record.

Equitable distribution awards are reviewed on appeal under the abuse of discretion standard. We will only reverse the trial court's award if "'it appears from the record that [the trial judge] has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict of the equities.'" Hart v. Hart, 27 Va. App. 46, 53, 497 S.E.2d 496, 499 (1998) (quoting Robinette v. Robinette, 10 Va. App. 480, 486, 393 S.E.2d 629, 633 (1990)).

Pursuant to Code § 20-107.3(A)(3), the trial court may classify property as part marital property and part separate property, or so-called "hybrid property," if the value of separate property increases during the marriage as a result of marital efforts.

The evidence showed that husband owned the marital residence prior to marrying wife and the parties resided in the house during the marriage. The parties were married for eight years, during which time both parties made monetary and non-monetary contributions to the marriage. Husband's monetary contributions were more significant than wife's because, for the most part, his earnings during the marriage were used to curtail the mortgage debt. However, wife presented evidence that, in addition to making some monetary contributions, she made numerous non-monetary contributions to the marriage, including the care and upkeep of the marital home by painting, decorating, and landscaping. The trial court found that the parties' non-monetary contributions were in equipoise.

- 4 -

We find no error in the trial court's classification of the marital residence as part separate property and part marital property. Mortgage payments made during the marriage using income earned during the marriage were contributions of marital, not separate property. See Code § 20-107.3(A)(2)(iii). Evidence was presented showing the mortgage balance at various times during the marriage, and the amortization schedule showed the reduction in principal from the date of the marriage to the date of final separation. Therefore, the trial court properly viewed the reduction in the mortgage during the marriage as marital contributions. Accordingly, we affirm the trial court's hybrid classification of the marital residence.

"This Court has ruled that when the trial judge fixes a monetary award, he or she need not elaborate on the specific findings; however, the findings must be based upon credible evidence." Traylor v. Traylor, 19 Va. App. 761, 765, 454 S.E.2d 744, 746 (1995) (citing Taylor v. Taylor, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988)).

Based on the evidence presented, the trial court determined the value of the marital residence, the net equity in the house, and the marital equity in the house. It determined that husband's separate portion was 62.5% of the total equity of the property and the marital portion was 37.5% of the total equity. In its supplemental findings entered on May 24, 2007, the trial court stated it considered the rights, title, and interests of the parties and the factors set forth in Code § 20-107.3 when determining that wife was entitled to a monetary equalizing award, representing in part the equitable distribution of the marital equity in the home. In addition, evidence showed that husband disposed of $18,000 worth of marital property after the parties separated. Thus, the trial court's award of an interest in the marital home to wife and the equalization award complied with statutory guidelines, was supported by credible evidence, and was not an abuse of discretion. Therefore, we affirm the decision of the trial court.

<u>Issue D</u>

Husband argues the trial court erred by failing to order wife to pay him for the federal income tax refund she "took." The "Corrections and Additions to the Written Statement Submitted by the Defendant" states that wife took the joint tax refund because husband "had previously taken all the money." However, the record on appeal contains no ruling by the trial court addressing husband's argument that wife should have paid him the money she obtained by keeping the tax refund.

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." <u>Justis v. Young</u>, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." <u>Jenkins v. Winchester Dep't of Soc. Servs.</u>, 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted). Because, on this record, we are unable to determine whether the trial court erred, we will not consider this argument.

<u>Issues E and F</u>

Husband contends the trial court failed to consider fault when making the spousal support award, failed to include written findings identifying the factors supporting its decision, and erred by failing to impute income to wife.

"'Whether and how much spousal support will be awarded is a matter of discretion for the trial court.'" <u>Northcutt v. Northcutt</u>, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002) (quoting <u>Barker v. Barker</u>, 27 Va. App. 519, 527, 500 S.E.2d 240, 244 (1998)). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision

is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)). "In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The trial court] is guided by the . . . factors that are set forth in Code § 20-107.1." Joynes v. Payne, 36 Va. App. 401, 419, 551 S.E.2d 10, 19 (2001). The court is also required, under Code § 20-107.1(F), to identify those factors listed in subsection (E) that support the court's award of spousal support in the amount and for the duration awarded.

Husband's opening brief fails to identify any conduct by wife that he contends constituted fault and that should have been considered in the context of the spousal support award. "We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Accordingly, we do not address this portion of the argument.

In the May 24, 2007 supplemental findings of fact, the trial court stated it considered the factors of Code § 20-107.1 and it specifically listed seven of the factors it relied on as being particularly important in its determination of a spousal support award. Several key considerations were the disparity in the earning capacity of the parties and that husband left the marriage with "a considerably greater marital estate." Based on the evidence that wife was currently working, the trial court also limited the duration of the award to four years. On this record, we cannot say the trial court abused its discretion in making the spousal support award.

> Whether a person is voluntarily unemployed or underemployed is a factual determination. In evaluating a request to impute income, the trial court must "consider the [parties'] earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and the children."

Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999) (citation omitted). "Imputation of income is within the trial [court]'s discretion . . . ." Sargent v. Sargent, 20 Va. App. 694, 704, 460 S.E.2d 596, 601 (1995).

The record on appeal contains no evidence presented by husband that wife was underemployed or what her earning capacity would be in the field of computer graphics. Based on this record, the trial court did not abuse its discretion by declining to impute income to wife.

### Issues H, I, J, L, and M

In each of these arguments, husband raises issues that would normally be left to the sound discretion of the trial court. Furthermore, appellant, by failing to cite case law, makes no legal arguments as to why we should hold otherwise. See Rule 5A:20 (mandating that the opening brief shall contain "[t]he principles of law, the argument, and the authorities relating to each question presented . . . ."). Accordingly, we affirm the trial court's decision on these issues.

### Issue K

Husband argues the trial court erred by failing to refer wife and a Loudoun County Deputy Sheriff to the authorities for prosecution. Husband cites no relevant law, and we know of none, in support of his argument. Accordingly, husband's argument is without merit.

### Issue N

Husband contends the trial court erred by awarding wife $8,000 of her attorney's fees.

An award of attorney's fees in a divorce suit is discretionary with the court after considering the circumstances and equities of the entire case and is reviewable on appeal only for an abuse of discretion. Gamer v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993).

Wife requested a considerably larger award for her attorney's fees. However, the trial court stated in its May 24, 2007 supplemental findings that the $8,000 award reflected "the nature of the services provided, the necessity (or lack thereof) of the many hearings in the case,

and the ability to pay such fee." Under these circumstances, we cannot say the trial court abused its discretion in making the award.

Wife asks for attorney's fees and costs incurred on appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Because this appeal lacks merit, we grant wife's request for reasonable appellate attorney's fees and costs. See Miller v. Cox, 44 Va. App. 674, 688, 607 S.E.2d 126, 133 (2005). Accordingly, we remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs. Id.

For these reasons, we affirm the judgment of the trial court, grant wife's request for attorney's fees and costs, and remand for determination of those fees and costs.

Affirmed and remanded.