COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Petty and Senior Judge Bumgardner


RAY EUGENE WORLEY

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2689-08-3                            PER CURIAM
                                                         JULY 7, 2009
CAROL JEAN WORLEY


              FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                          Larry B. Kirksey, Judge

             (Robert M. Galumbeck; Galumbeck, Dennis & Kegley, on brief), for
             appellant.

             (Nancyjean Bradford; Bradford & Smith, P.C., on brief), for
             appellee.


       Ray Eugene Worley (husband) appeals a final decree of divorce ruling regarding the

valuation of certain property and spousal support.  Husband argues that the trial court erred by

(1) valuing his tools based on an amount listed in an insurance policy; (2) not valuing the Kubota

tractor on its current net value; (3) using a different valuation method to determine the value of the

marital residence; (4) using an incorrect income figure for husband for spousal support purposes;

and (5) failing to consider the net incomes of each party in determining the amount of spousal

support.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Husband and Carol Jean Worley (wife) were married on June 10, 1971 and separated on July 14, 2004.

The trial court received the evidence in this case by deposition and written memorandum. On April 30, 2008, the trial court issued its letter opinion, and husband, subsequently, filed a motion for reconsideration as well as a motion to reduce spousal support. The trial court held a hearing on husband's motions. Husband argued that his income changed in May 2007 and that he no longer received overtime pay. He also argued that the trial court relied on information that was too old to value certain property. The trial court overruled both motions and entered a final decree on December 1, 2008, *nunc pro tunc* October 10, 2008. Husband timely noted his appeal.

ANALYSIS

Questions Presented 1, 2, and 3 - Valuation of Marital Property

Husband argues that the trial court erred in valuing his tools, the Kubota tractor, and the marital residence.

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "[T]he value of property is an issue of fact, not of law." Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000).

"The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)). A court may

"choose among conflicting assessments of value as long as its finding is supported by the evidence." McDavid, 19 Va. App. at 413, 451 S.E.2d at 718.

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

Here, husband had tools from a now-defunct car care center that he owned and operated during the marriage. The trial court found that the parties presented various values for the tools. Husband listed the tools' value at $80,000 when he applied for a bank loan. For insurance purposes, he valued the tools at $40,000. For equitable distribution purposes, he testified that the tools were worth between $10,000 and $12,000 because they were out-of-date.

Husband argued that his value for the tools was more reliable, and wife did not present any evidence of a current value for the tools. While an owner is entitled to value his own property, a trial court is not obligated to accept his testimony. See Haynes, Executrix v. Glenn, 197 Va. 746, 750-51, 91 S.E.2d 433, 436-37 (1956); see also Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994).

The trial court found husband's opinion of the tools being worth between $10,000 and $12,000 as "suspect and disbelievable due to the apparent self-serving nature of same and the amazing variance of opined value." Throughout the evidentiary portion of the hearing, husband renewed his insurance coverage for the tools for $40,000. The evidence was sufficient to value the tools at $40,000 based on the insurance value.

Next, husband argues that the trial court erred in valuing the tractor because the trial court did not take into account husband's debt to his brother. Husband testified that he transferred ownership of the tractor to his brother in exchange for a debt of $34,000. Husband presented no

evidence that he transferred ownership of the tractor to his brother, nor did he present credible evidence regarding the debt. The trial court did not believe husband's assertion that the tractor was transferred in exchange for a debt and determined it "to lack credibility and to be without support from credible evidence."

The parties agreed that the value of the tractor was $22,000. The evidence was sufficient for the trial court to hold that the tractor was marital property and its value was $22,000.

Lastly, husband argues that if the trial court valued the tools and tractor based on replacement value and insurance value, then the trial court should have valued the marital residence similarly; instead, the trial court valued the marital residence based on fair market value. He contends that the trial court used inconsistent valuation methods.

However, the trial court did not use inconsistent valuation methods. The trial court determined the value of the marital residence using the evidence presented to it, namely the fair market value, less the mortgage balance. Likewise, the trial court based the value of the tools and the tractor according to the most credible evidence presented to it. The trial court found that husband's testimony concerning the value of the tools was incredible, and it also did not believe that he transferred ownership of the tractor to his brother.

Therefore, the trial court did not err in valuing the tools, the tractor, and the marital residence.

<u>Questions Presented 4 and 5 – Spousal Support</u>

Husband argues that the trial court erred in establishing spousal support. He contends that the trial court did not consider his change in income, nor did it consider the net income of each party.

A trial court has broad discretion in awarding spousal support, and its ruling will not be overturned unless there is an abuse of discretion. Brooks v. Brooks, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998) (citations omitted).

In its April 30, 2008 letter opinion, the trial court held that husband's income was $4,200 per month, but that "[h]usband has attempted to understate his income and that documentation discredits his testimony as to his earnings." Husband subsequently filed a motion to reduce his spousal support and argued that the trial court considered his overtime pay, which he no longer was receiving, when it determined his monthly income. The trial court responded by stating that it was "aware that his earnings had varied and fluctuated during the relevant period of time and considered such, along with the other statutory factors, in making its earlier determination to award spousal support and the amount and duration of same." Therefore, it is apparent that the trial court took into consideration husband's change in income.

Husband also argues that the trial court erred by not considering his net income and wife's net income after the spousal support award. He contends that wife's net income was higher than his net income and, therefore, the trial court erred in establishing the amount of spousal support.

In establishing the spousal support award, the trial court examined each of the factors in Code § 20-107.1. The trial court examined each party's income and expense worksheets and held that "[h]usband's earnings are more than sufficient to bear the expenses of each party, despite his unsupported assertions to the contrary." The trial court also found that wife had a "continuing need of support." Husband's earning capacity was significantly greater than wife's earning capacity because wife was no longer able to work due to her disability. The trial court also considered the tax consequences of the spousal support award, which husband failed to account for in his argument.

The trial court reduced the *pendente lite* spousal support award in setting the spousal support award in the final decree. Husband previously had been ordered to pay $650 per month, plus wife's utility bills, and to maintain her health insurance coverage. When his health insurance coverage changed at work, husband paid wife an extra $300 per month and no longer was obligated to maintain her health insurance. Wife was able to obtain Medicare, which cost her $93.50 per month.

At the time of entry of the final decree, the parties had been married thirty-three years. Both parties were in their mid-50s. Wife was receiving social security disability, and husband was employed. After considering all of the factors in Code § 20-107.1, the trial court ordered husband to pay $750 per month in spousal support for ten years.

In awarding spousal support, a trial court must consider the factors in Code § 20-107.1(E); however, "[t]his does not mean that the trial court is required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors. It does mean, however, that the court's findings must have some foundation based on the evidence presented." Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). "Where that evidentiary foundation exists and the record discloses that the trial court 'has given due consideration to each of [the statutory] factors,' we will not disturb its determination as to spousal support on appeal." Miller v. Cox, 44 Va. App. 674, 679, 607 S.E.2d 126, 128 (2005) (citations omitted).

Here, the evidence was sufficient to prove that the trial court considered each of the statutory factors, and it did not err in determining the spousal support award.

CONCLUSION

For the foregoing reasons, the trial court's rulings are summarily affirmed. Rule 5A:27.

Affirmed.