COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judge Elder and Senior Judge Bumgardner
Argued by teleconference


SIAMAK AFSOOS

MEMORANDUM OPINION[*] BY
v.      Record No. 1710-10-4      CHIEF JUDGE WALTER S. FELTON, JR.
                          APRIL 19, 2011

LADAN AFSOOS


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James H. Chamblin, Judge

Thomas F. DeCaro, Jr. (DeCaro & Howell, PC, on briefs), for
appellant.

Paula W. Rank (Paula W. Rank Family Law and Mediation, PLC, on
brief), for appellee.


Siamak Afsoos ("husband") appeals the final order of divorce entered by the Circuit Court

of Loudoun County ("trial court"). He argues that the trial court erred in: (1) improperly valuing

the stock of his business, Heritage Appraisals, Inc., ("the stock") by considering a single balance

sheet that was over a year old; (2) improperly determining the amount of spousal support awarded

to Ladan Afsoos ("wife"); (3) improperly requiring husband to submit to Iranian divorce

proceedings; and (4) improperly denying husband's motions to reconsider. Wife seeks an award of

her attorney's fees incurred on appeal. For the following reasons, we affirm the judgment of the

trial court and award wife her attorney's fees on appeal.

BACKGROUND

Husband and wife were married in Fairfax County, Virginia, on August 3, 1996. Two

children were born of the marriage. Husband owned a business, Heritage Appraisals, Inc., a

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

subchapter S corporation, incorporated on March 1, 2005, of which he was the sole stockholder and only employee.[1]  Wife worked as a branch manager for a bank.  The parties separated on September 14, 2008.  On September 22, 2008, husband filed a complaint for divorce.  On October 20, 2008, wife filed her answer and counterclaim for divorce.

The parties appeared before the trial court for a final hearing on January 14, 2010.[2]  After hearing testimony and receiving evidence, the trial court took the case under advisement.

On March 4, 2010, the trial court announced its rulings from the bench, and found the stock to be marital property, and valued the stock at $116,158.  The trial court ordered husband to pay wife spousal support in the amount of $3,000 per month.  Because husband had primary physical custody of the parties' children, the trial court ordered wife to pay husband child support in the amount of $1,016 per month.[3]  It subtracted the amount of wife's child support payment from the amount of husband's spousal support payment, thereby requiring husband to pay wife $1,984 each month.

On April 2, 2010, one month after the trial court announced its equitable distribution and support rulings, husband filed a request for reconsideration with the court.  In his request for reconsideration, husband argued that the trial court incorrectly calculated the value of the stock, as well as his average monthly income.  Husband also asked that the trial court modify its equitable distribution determination; revalue the stock at zero; reduce the permanent spousal support amount to zero; adjust the child support payments to reflect credit given to him for

---

[1] A corporation that elects subchapter S status for federal income tax purposes avoids corporate taxes by allowing the corporate earnings and losses to be taxed to the shareholders.  26 U.S.C. § 1361 et seq.

[2] A court reporter was not present during the final hearing.  No statement of facts in lieu of transcript pursuant to Rule 5A:8(c) was filed with this Court on appeal.

[3] The parties were granted joint legal custody of the children.

monthly mortgage payments and costs totaling $4,240; and award him sole occupancy of the marital residence. In support of his request for reconsideration, husband attached a personal financial report dated April 2, 2010; an expert valuation of Heritage Appraisals, Inc., dated March 24, 2010; the 2005-2009 1120S tax forms for Heritage Appraisals, Inc.; his personal tax forms from 2005-2009; and a survey of salaries for appraisers in Centerville, Virginia.[4]

The trial court entered its final order of divorce and equitable distribution on April 5, 2010. In addition to incorporating the trial court's rulings announced on March 4, 2010, the final order provided that husband sign any documents necessary to grant wife a divorce in Iran. Husband noted his objections at the end of the final order and referred to his written April 2, 2010 request for reconsideration in support for his objections.

On April 9, 2010, husband filed with the trial court another motion for reconsideration incorporating by reference his previously filed request for reconsideration. Husband asked the trial court to reopen the case to reconsider the value of the Heritage Appraisals, Inc. stock, citing I.R.S. Revenue Ruling 59-60 in support of his valuation argument.[5] He also objected to the amount of income attributed to him from Heritage Appraisals, Inc., objected to the order requiring him to sign documents related to the Iranian divorce proceedings instituted by wife, and asked for modification of the amount of spousal support he was ordered to pay wife.

Wife filed her response to husband's April 9, 2010 motion for reconsideration, together with a request for sanctions against husband, on April 19, 2010. By letter opinion dated June 4, 2010, the trial court awarded wife $25,000 in attorney fees and her costs for all relevant matters

---

[4] The only items attached to husband's request for reconsideration that had been previously admitted into evidence during the final hearing on January 14, 2010, were his 2006-2008 business tax returns for Heritage Appraisals, Inc.

[5] I.R.S. Revenue Ruling 59-60 recommends, "all available financial data, as well as all relevant factors affecting the fair market value, should be considered" when valuing a closely held corporation.

through the final order of divorce. It also ordered husband to pay to wife $6,975 in attorney's fees as sanctions against husband. The trial court denied husband's motions for reconsideration finding they were simply motions to reopen the case to permit him to offer additional evidence, noting that husband "did not offer any reasons whatsoever for reopening the evidence."

ANALYSIS

Valuation

On appeal, husband asserts that the trial court erred in its valuation of the stock of Heritage Appraisals, Inc. He claims that the trial court did not employ an accepted method of valuation of the stock of a business like Heritage Appraisals, Inc. He argues that a correct valuation of the stock would have been zero had the trial court properly applied I.R.S. Revenue Ruling 59-60. He further asserts that the 2008 balance sheet and tax return from Heritage Appraisals, Inc. were insufficient to prove the value of the company because the documents were over a year old when the trial court made its valuation ruling. He asserts that the trial court should have used the 2005-2008 and 2009 tax returns to value the stock. Finally, he contends wife had the burden to produce competent evidence of value to prove the specific value of the stock.

For the following reasons, we hold that the trial court did not err in its valuation of the stock.

> Upon familiar principles, "we consider the evidence in the light most favorable to the party prevailing in the trial court. Where the trial court's decision is based upon an *ore tenus* hearing, its determination will not be disturbed on appeal unless it is plainly wrong or without evidence in the record to support it."

Gamble v. Gamble, 14 Va. App. 558, 563, 421 S.E.2d 635, 638 (1992) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

"Code § 20-107.3 requires a trial court to value the parties' separate and marital property before making a monetary award. The trial court's valuation cannot be based on 'mere guesswork.'" Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (quoting

- 4 -

Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)). "The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Id. "'[E]xpert testimony is the most expedient, and, in fact, the preferable method for [valuing marital property].'" Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993) (second alteration in original) (quoting Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989)). However, "[i]t is widely recognized that a lay witness may express an opinion as to value." Stainback v. Stainback, 11 Va. App. 13, 23, 396 S.E.2d 686, 692 (1990). The lay "witness need only have had an opportunity to become familiar with the property and to form an opinion as to its true value." Id. Ultimately, "'[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.'" McKee v. McKee, 52 Va. App. 482, 492, 664 S.E.2d 505, 510 (2008) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995)).

Neither party presented expert testimony at trial regarding the value of the stock. Wife offered evidence of the business tax returns and bank statements for Heritage Appraisals, Inc., which she had obtained through discovery.[6] Husband presented a single business tax return for 2008 and did not testify regarding the value of the business or the stock. In arriving at its stock valuation, the trial court used the only evidence presented to it by the parties at trial. The 2008 business tax return of Heritage Appraisals, Inc. showed a total of $129,535 in assets and $13,377 in liabilities. The trial court found this evidence competent and determined the value of the stock was $116,158. "'The value of the stock of a closely held investment or real estate holding company . . . is closely related to the value of the assets underlying the stock.'" Bosserman, 9

---

[6] The record reflects husband was not forthcoming in responding to wife's discovery requests during the discovery phase of trial.

Va. App. at 8, 384 S.E.2d at 109 (quoting In re Marriage of Moffatt, 279 N.W.2d 15, 19 (Iowa 1979)).  Therefore, "valuation based upon the corporation's net assets has gained wide acceptance."  Id.  "There is no uniform rule for valuing stock in closely held corporations.  The valuation method must be tailored to meet the particular needs of each case."  Id. at 8 n.1, 384 S.E.2d at 109 n.1; see Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000) ("The evidence presented at trial determines the result, and the result may vary from case to case as the evidence differs.").

Husband contends that if the trial court had applied I.R.S. Revenue Ruling 59-60, even though husband did not ask the trial court to do so at trial, and had considered other evidence that was not presented at trial, the trial court would have properly valued the stock at zero.  During the hearing on husband's motions to reconsider, the trial court commented that both parties had ample time to prepare for the final hearing at which evidence was presented, especially considering that the hearing had been continued from September to January.  The trial court also found that the evidence that husband sought to introduce in his motions for reconsideration was "evidence that [husband] had that was available, that [he] could have presented at the time of trial."  "'Reviewing courts cannot . . . reverse and remand . . . [equitable distribution] cases where the parties have had adequate opportunity to introduce evidence but have failed to do so.'"  Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 260 (1990) (alteration in original) (quoting Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987)).  Accordingly, we conclude that the trial court did not abuse its discretion in its valuation of the stock.

Motions to Reconsider

Husband asserts that the trial court erred in denying his motions for reconsideration.  "After a court has concluded an evidentiary hearing 'during which each party had ample opportunity to present evidence, it [is] within the court's discretion to refuse to take further

evidence on this subject.'" Holmes v. Holmes, 7 Va. App. 472, 480, 375 S.E.2d 387, 392 (1988) (alteration in original) (quoting Morris v. Morris, 3 Va. App. 303, 307, 349 S.E.2d 661, 663 (1986)). Accord Shooltz v. Shooltz, 27 Va. App. 264, 269, 498 S.E.2d 437, 439-40 (1998). To establish an "entitlement to a rehearing, a petitioner must show either an 'error on the face of the record, or . . . some legal excuse for his failure to present his full defense at or before the time of entry of the decree.'" Holmes, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting Downing v. Huston, Darbee Co., 149 Va. 1, 9, 141 S.E. 134, 136-37 (1927)). Husband failed to do either.

Here, the trial court found that the post-trial motions filed by husband "were not motions for reconsideration. They were motions to reopen the evidence." The trial court went on to state that "[d]espite my request on April 5, 2010, [husband] did not offer any reasons whatsoever for reopening the evidence. As to the portions of the motions that might be considered a request to reconsider, [husband] asserted arguments not well founded in law." Husband did not show any "'error[s] on the face of the record, or . . . some legal excuse for his failure to present his full defense.'" Holmes, 7 Va. App. at 480, 375 S.E.2d at 392 (quoting Downing, 149 Va. at 9, 141 S.E. at 136-37). Finding no abuse of discretion by the trial court in refusing to reopen the evidence, we affirm the decision of the trial court denying husband's motions for reconsideration.

Spousal Support

Husband further asserts that the trial court erred in determining the amount of spousal support he was required to pay to wife. However, husband failed to comply with Rule 5A:20(e). His opening brief does not contain any principles of law or citation to legal authorities in support of his argument that the trial court erred. "'Statements unsupported by argument, authority, or citations to the record do not permit appellate consideration.'" Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008) (quoting Cirrito v. Cirrito, 44 Va. App. 287, 302 n.7, 605

- 7 -

S.E.2d 268, 275 n.7 (2004)).  The Supreme Court has concluded "that when a party's 'failure to strictly adhere to the requirements of Rule 5A:20(e)' is significant, 'the Court of Appeals may . . . treat a question presented as waived.'"  Id. (quoting Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008)).  "If the parties believed that the circuit court erred, it was their duty to present that error to [the Court of Appeals] with legal authority to support their contention."  Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008).

Iranian Divorce Proceedings

Husband additionally objects to that portion of the final order requiring that he submit to Iranian divorce proceedings.  "A trial court 'speaks through its orders and those orders are presumed to accurately reflect what transpired.'"  Anonymous B v. Anonymous C, 51 Va. App. 657, 672, 660 S.E.2d 307, 314 (2008) (quoting McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997)).  The final divorce decree ordered that "[b]y agreement of the parties, [husband] shall . . . execute and/or endorse any and all documents necessary to grant [wife] a divorce under the laws of Iran."  Because the order of the trial court reflects that it found the parties agreed to submit to Iranian divorce proceedings, absent a transcript to suggest otherwise, we cannot say the trial court abused its discretion in requiring him to submit to those proceedings.[7]

Attorney's Fees

Wife seeks an award of her attorney's fees incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs on appeal.  Accordingly, we remand that portion of this case to the trial court to

---

[7] We take no position regarding the trial court's ability to enforce such provisions.  We merely approve incorporating the parties' agreement into the final order.

set a reasonable award of attorney's fees incurred by wife in this appeal, including reasonable attorney's fees incurred for that determination.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.