COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Alston, Chafin and Senior Judge Haley

RAYMOND JOSEPH SHULER

v.      Record No. 0082-16-3

JEANNIE MARIE STEDHAM SHULER

MEMORANDUM OPINION*
PER CURIAM
SEPTEMBER 13, 2016

FROM THE CIRCUIT COURT OF LEE COUNTY
Tammy S. McElyea, Judge

(John H. Kitzmann; Kim M. Mattingly; Davidson & Kitzmann, PLC,
on briefs), for appellant.

(Timothy W. McAfee, on brief), for appellee.

Raymond Joseph Shuler (husband) appeals an equitable distribution order. Husband argues

that the trial court's valuation of husband's business was not supported by the evidence because in

determining the value of the business, the court relied on the testimony of Jeannie Marie Stedham

Shuler (wife), "whom the court determined had only 'extremely limited' involvement with the

operations of the business, had ceased to make any meaningful contribution to the business for the

past twenty years, and whom the record reflects was not an owner, officer, stockholder or director of

the business." Upon reviewing the record and briefs of the parties, we conclude that this appeal

is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on September 28, 1982 and separated on January 8, 2014. On March 5, 2014, husband filed a complaint for divorce. In response thereto, wife filed an answer and counterclaim. Husband filed an answer to the counterclaim. The parties submitted pre-trial briefs and appeared at court on August 19, 2015 for an evidentiary hearing.[1] The trial court bifurcated the divorce and the equitable distribution and spousal support matters. The trial court entered the divorce decree on August 19, 2015.

The parties agreed that the valuation date of marital property was the date of separation, January 8, 2014. The parties presented evidence to the trial court regarding equitable distribution and spousal support.[2] In 1993, husband acquired Green Thumb Seeding of Virginia, Inc. ("Green Thumb"), which "does reclamation work for mining companies, cleans up spills, shovels belt lines, etc." Husband is the only shareholder and officer of Green Thumb. Husband testified that Green Thumb's business "is not currently good." At one time, Green Thumb had fifteen employees, but at the time of the trial, it had six employees. Its business was "less than 1/3 of what it did" in previous years because it lost some of its biggest customers. Husband said that "[a]ll of Green Thumb's business is tied to coal and it probably will not survive." Despite indicating that Green Thumb's business was declining, husband presented no evidence of the business' value.

---

[1] There is no transcript for the August 19, 2015 hearing, but the record includes a written statement of facts. Rule 5A:8.

[2] This opinion focuses solely on husband's business, which is the subject of appellant's assignment of error.

Wife testified that she used to work for Green Thumb before husband bought it. Once husband bought the company, wife did the accounting and met with the accountant to provide him with quarterly and year-end reports. She later trained the secretary and helped as needed. She testified that she was "intimately familiar with the business and the value of the business assets." Wife testified that based on the value of Green Thumb's assets and the income and profits generated by the business, she valued the business at $750,000. She considered that as of January 2014, Green Thumb had $100,000 in cash on hand, $350,000 worth of tangible personal property, and $125,000 worth of real property. She also considered the profitability of the business since 2009. To support her opinion, wife introduced into evidence the company's tax returns, as well as a list of its assets with depreciated values.

Husband called the accountant who prepared the tax returns for the parties and Green Thumb as a witness. Husband did not ask the accountant to give his opinion of the value of Green Thumb; however, the accountant testified that the company's revenue had dropped because the coal economy was in decline.

Both parties submitted post-trial briefs regarding equitable distribution and spousal support. On October 23, 2015, the trial court mailed counsel a proposed order and asked counsel to review it and endorse it. The trial court found that wife presented the only evidence as to the value of Green Thumb and accepted her value of $750,000.

Husband filed a motion to reconsider. A hearing was scheduled for December 3, 2015. After hearing the arguments, the trial court entered the previously proposed order on December 3, 2015 and granted husband leave to file his objections by December 14, 2015, which he did.[3] This appeal followed.

---

[3] Contrary to wife's arguments, husband preserved his argument for appeal in his objections to the final order. See Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (*en banc*).

ANALYSIS

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)). "[T]he value of property is an issue of fact, not law." Hoebelheinrich v. Hoebelheinrich, 43 Va. App. 543, 557, 600 S.E.2d 152, 158 (2004) (quoting Howell v. Howell, 31 Va. App. 332, 340, 523 S.E.2d 514, 518 (2000)).

Husband argues that the trial court erred in valuing Green Thumb at $750,000 because the evidence did not support that valuation. He notes that the trial court found that husband was credible and "highly familiar with all aspects of the business." In contrast, the trial court found that wife had "very limited overall involvement with the company." Despite this difference, the trial court accepted wife's value of the business, which husband contends was erroneous.

Contrary to husband's arguments, the record supports the trial court's findings. The trial court noted that "although [husband] testified extensively about the business' history, daily operations, and future, he did not provide any evidence as to the value of the business." In fact, the "only evidence of the value of the business was introduced through the testimony of [wife]." Wife explained how she arrived at her value and produced documentary evidence to support her opinion. Husband did not present any evidence to contradict wife's value.

"The burden is on the parties to provide the trial court sufficient evidence from which it can value their property." Bosserman v. Bosserman, 9 Va. App. 1, 5, 384 S.E.2d 104, 107 (1989) (citing Taylor v. Taylor, 5 Va. App. 436, 443, 364 S.E.2d 244, 248 (1988)). "[A]ppellate courts 'cannot continue to reverse and remand' equitable distribution cases 'where the parties have had an adequate opportunity to introduce evidence but have failed to do so.'" Hamad v.

- 4 -

Hamad, 61 Va. App. 593, 609, 739 S.E.2d 232, 240 (2013) (quoting Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (citation omitted)).

Wife presented the only evidence of Green Thumb's value. Husband had the opportunity to present evidence of the business' value, but chose not to do so. Accordingly, the trial court did not err in valuing Green Thumb based on the only evidence presented to it.

Both parties have requested an award of attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.